No. 75,366

## In the Matter of SALVATORE A. SCIMECA, *Respondent*.
(914 P.2d 948)

Opinion filed April 19, 1996.

*Marty M. Snyder*, deputy disciplinary administrator, argued the cause, and *Bruce E. Miller*, disciplinary administrator, and *Stanton A. Hazlett*, deputy disciplinary administrator, were with her on the formal complaint for the petitioner.

*Ron W. Paschal*, of Wichita, argued the cause for the respondent, and *Salvatore A. Scimeca*, respondent, appeared pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the Office of the Disciplinary Administrator against Salvatore A. Scimeca, an attorney admitted to the practice of law in Kansas.

This complaint arises out of the respondent's representation of and withdrawal from representation of Terry Peoples. Peoples' mother, Connie Klaus, contacted the Kansas Bar Association through its Lawyer Referral Service and was referred to the respondent. Peoples was serving a prison sentence. Mrs. Klaus believed that her son's civil rights had been violated and that he might have been subjected to negligence and personal injury while he was incarcerated in the Finney County jail.

Pursuant to the Lawyer Referral Service's rules, Klaus paid a $15 fee to the respondent for a 30-minute conference. At this conference, the respondent said that he would investigate the cause of action to determine whether he would accept employment in the case. Contemporaneously with signing a preliminary retainer agreement, Klaus paid the respondent $1,000 as a retainer fee and $250 toward expenses. The respondent placed this $250 in his trust account. Later, Klaus paid the respondent an additional $1,000.

The respondent has not filed exceptions to the hearing panel's report. The panel made the following pertinent findings and recommendations:

1. The respondent charged $272.50 for an initial office visit, knowing that the Kansas Bar Association Lawyer Referral Service set the charge for an initial consultation at $15.

2. The respondent did not provide any accounting for the amount of time and expenses or any other billing information to his client.

3. Substantially, all of the legal work in this matter was completed by the end of June 1993, but the respondent did not notify his client that he would not accept employment until November 1993, some 4 to 5 weeks prior to the running of the statute of limitations.

4. There was no accounting provided on the $250 that was placed in the trust account for use as expenses.

The following is a summary of the conclusions of law reached by the panel and its recommendations. Again, the respondent has taken no exceptions to the panel's report.

"1. MRPC 1.3 [1995 Kan. Ct. R. Annot. 257] requires a lawyer to 'act with reasonable diligence and promptness in representing a client.' There was clear and convincing evidence that Respondent failed to respond to his client's request for an accounting, and the Respondent failed to act with reasonable diligence in responding to his client's request for an itemized bill. . . .

"2. The delay between July and November when the case was declined, constituted failure to act with reasonable diligence and promptness. . . .

"3. MRPC 1.4 [1995 Kan. Ct. R. Annot. 263] requires that a lawyer keep his or her client reasonably informed about the status of the matter and promptly comply with reasonable requests for information. There is clear and convincing evidence that the Respondent violated this rule. He acknowledged that he did not respond to his client's request for information and while there were contacts with his office, Exhibit F shows that these contacts were not responsive to the client's questions.

"4. MRPC 1.5 [1995 Kan. Ct. R. Annot. 268] requires that a lawyer's fees shall be reasonable. . . . [T]he panel finds that there was clear and convincing evidence that $257.50 of the fee for the initial consult was excessive and that there was a violation of this rule.

"5. MRPC 1.15(b) [1995 Kan. Ct. R. Annot 294] requires a full accounting of funds placed in trust. . . . The Respondent violated MRPC 1.15(b) by not providing an accounting on $250.00 which had been placed in trust after repeated requests from his client.

"6. MRPC 1.16(d) [1995 Kan. Ct. R. Annot. 300] requires that upon termination of representation a lawyer shall give reasonable notice to the client allowing time for employment of other counsel. The panel finds that there was clear and convincing evidence that the relationship could have been terminated as early as July, 1993 and certainly well before November, 1993 in order to give the Respondent's

client the opportunity to find new counsel and give such counsel the opportunity to adequately prepare the initial pleadings in the case."

The panel found that the respondent refused to acknowledge the wrongful nature of his conduct and stated that he had done nothing wrong. In mitigation, the panel found that the respondent had suffered a debilitating ankle injury and had to deal with a devastating head injury to his son during the time of this representation. Both of these situations were clearly distracting to the respondent and caused delay in his development of the case.

The panel recommended that the respondent be penalized with published censure pursuant to Supreme Court Rule 203 (1995 Kan. Ct. R. Annot. 191) and that he further be ordered to pay his client $257.50, which was the amount of the excessive fee on the initial visit. We were informed at oral argument that this sum has been reimbursed to the client.

The court, having considered the record herein and the report of the panel, and, after considering the mitigating factors, accepts and concurs in the findings, conclusions, and recommendations of the hearing panel.

IT IS THEREFORE ORDERED that Salvatore A. Scimeca be, and he is hereby, disciplined by published censure in accordance with Supreme Court Rule 203(a)(3) for his violation of the Model Rules of Professional Conduct.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas Reports and the costs herein be assessed to the respondent.